IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>SEASTAR HOLDINGS, INC., *et al.*[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 18-10039 (___)<br><br>Joint Administration Requested<br><br>Ref. No. ___ |

**ORDER (A) AUTHORIZING THE MAINTENANCE OF BANK ACCOUNTS AND CONTINUED USE OF EXISTING BUSINESS FORMS AND CHECKS, (B) AUTHORIZING THE CONTINUED USE OF EXISTING CASH MANAGEMENT SYSTEM, (C) AUTHORIZING THE CONTINUED USE OF INTERCOMPANY TRANSACTIONS AND GRANTING ADMINISTRATIVE EXPENSE STATUS TO POSTPETITION INTERCOMPANY TRANSACTIONS GRANTING ADMINISTRATIVE EXPENSE STATUS TO POSTPETITION INTERCOMPANY CLAIMS AND (D) GRANTING LIMITED RELIEF FROM THE REQUIREMENTS OF BANKRUPTCY CODE SECTION 345(B) AND THE UNITED STATES TRUSTEE OPERATING GUIDELINES**

Upon the *Motion of the Debtors for Entry of an Order (A) Authorizing the Maintenance of Bank Accounts and Continued Use of Existing Business Forms and Checks, (B) Authorizing the Continued Use of Existing Cash Management System, (C) Authorizing the Continued Use of Intercompany Transactions and Granting Administrative Expense Status to Postpetition Intercompany Transactions and (D) Granting Limited Relief from the Requirements of Bankruptcy Code Section 345(b) and the United States Trustee Operating Guidelines* (the "Motion")[2] and upon the First Day Declaration; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated as of February 29, 2012;

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: SeaStar Holdings, Inc. (0418), Seaborne Virgin Islands, Inc. (5458), and Seaborne Puerto Rico, LLC (3572). The Debtors' corporate headquarters and the mailing address is World Plaza Building, 9th Floor, 268 Munoz Rivera Avenue, San Juan, Puerto Rico 00918.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

{1182.001-W0049844.}

and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that sufficient notice of the Motion has been given; and it appearing that the relief requested by the Motion is in the best interests of the Debtors' estates; and sufficient cause appearing therefor; it is hereby

ORDERED that the Motion is GRANTED as set forth herein; and it is further

ORDERED that the Debtors are authorized, but not directed, to maintain and use their existing Cash Management System, as more fully set forth in the Motion; and it is further

ORDERED that the Debtors are authorized to maintain and use the existing Bank Accounts listed on **Exhibit A** attached hereto in the name and with the account numbers existing immediately prior to the Petition Date; and it is further

ORDERED that the requirement in the Guidelines that the Debtors establish a specific new bank account for tax payments is waived; and it is further

ORDERED that provided that the Debtors shall retain the authority to close or otherwise modify certain of their Bank Accounts and open new debtors-in-possession accounts, or otherwise make changes to their Cash Management System as it deems necessary to facilitate their Chapter 11 Cases and operations. The Debtors are authorized to open any new Bank Accounts or close any existing Bank Accounts as they may deem necessary and appropriate in their sole discretion; provided, however, that the Debtors give notice within fifteen (15) days to (i) the Office of the United States Trustee for the District of Delaware (the "UST"), (ii) Volant SVI Funding, LLC and its counsel, and (iii) any statutory committees appointed in theses Chapter 11 Cases; provided, further, however, that the Debtors shall open any such new Bank

Account at banks that have executed a Uniform Depository Agreement with the UST, or at such banks that are willing to immediately execute such an agreement; and it is further

ORDERED that the Debtors are authorized to deposit funds in and withdraw funds from their Bank Accounts by all usual means, subject to the same access rights and limitations existing prior to the Petition Date, including, but not limited to, checks, wire transfers, automated clearinghouse transfers, electronic funds transfers, and other debits and to treat the Bank Accounts for all purposes as debtor-in-possession accounts; and it is further

ORDERED that the Debtors are authorized to continue to use their Business Forms substantially in the forms existing immediately prior to the Petition Date, without reference to the Debtors' debtors-in-possession status, provided that once the Debtors' existing checks have been used, the Debtors shall, when reordering checks, require the designation "Debtors In Possession" and the corresponding bankruptcy case number on all checks; provided further that, with respect to checks which the Debtors or their agents print themselves, the Debtors shall begin printing the "Debtors In Possession" legend on such items within ten (10) days of the date of entry of this Order; and it is further

ORDERED that the banks listed on **Exhibit A** attached hereto are hereby authorized and directed to continue to service and administer the Bank Accounts of the Debtors as debtors-in-possession without interruption and in the usual and ordinary course, and to receive, process, honor and pay any and all checks, drafts, wires, or automated clearinghouse transfers drawn on the Bank Accounts by the holders or makers thereof, provided that nothing contained herein shall authorize any such bank to honor any check issued or dated prior to the date of the commencement of these cases, except as otherwise provided by further order of this Court. In no event shall any of the Banks be required to honor overdrafts or to pay any check, wire or other

debit against any of the Bank Accounts that is drawn against uncollected funds; and it is further

ORDERED that the Debtors may continue to pay, and the banks may continue to charge and collect, all customary and usual prepetition and postpetition fees arising from or related to the Bank Accounts; and it is further

ORDERED that subject to Bankruptcy Code section 553, all banks that maintain the Bank Accounts are prohibited from offsetting, affecting, freezing, or otherwise impeding the Debtors' use of any funds in the Bank Accounts on account of, or by reason of, any claim (as defined in Bankruptcy Code section 101(5) of any such bank against the Debtors that arose before the Petition Date, absent further order of this Court; and it is further

ORDERED that, the Debtors are authorized to continue to engage in Intercompany Transactions postpetition in the ordinary course of business. The Debtors shall continue to maintain records and appropriately reconcile all postpetition Intercompany Transactions so they may be readily ascertained, traced, and recorded properly on applicable intercompany accounts; and it is further

ORDERED that Intercompany Transactions are hereby granted administrative expense status pursuant to Bankruptcy Code sections 503(b)(1) and 364(b) of the Bankruptcy Code; provided, however, that nothing herein shall limit or be construed to limit the Debtors' ability to reconcile amounts owed between and among any Debtors, including netting and setting off obligations arising from Intercompany Transactions, whether arising pre or postpetition, in the ordinary course of business, between a Debtor and another Debtor; and it is further

ORDERED that in connection with the ongoing utilization of the Cash Management System, the Debtors shall continue to maintain records with respect to all transfers of cash so that all transactions (including any Intercompany Transactions) may be readily ascertained, traced,

recorded properly, and distinguished between prepetition and postpetition transactions; and it is further

ORDERED that the requirements provided in Bankruptcy Code section 345(b) are hereby WAIVED as to the Bank Accounts maintained at First Bank, Banco Popular, and St. Kitts – Nevis Anguilla National Bank for an interim period of sixty (60) days, without prejudice to the Debtors' right to seek a further waiver thereof; and it is further

ORDERED that for banks at which the Debtors hold Bank Accounts that are party to a Uniform Depository agreement with the UST, within fifteen (15) days of the date of entry of this Order the Debtors shall (a) contact each bank, (b) provide the bank with each of the Debtors' employer identification numbers and (c) identify each of their Bank Accounts held at such banks as being held by debtors-in-possession in a bankruptcy case. For banks at which the Debtors hold Bank Accounts that are not party to a Uniform Depository agreement with the UST, the Debtors shall use good-faith efforts to cause the banks to execute a Uniform Depository agreement in a form prescribed by the UST within forty-five (45) days of the date of this Order. The UST's rights to seek further relief from this Court on notice in the event that the aforementioned banks are unwilling to execute a Uniform Depository Agreement in a form prescribed by the UST are fully reserved; and it is further

ORDERED that Bankruptcy Rule 6003 has been satisfied; and it is further

ORDERED that notwithstanding the possible applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

{1182.001-W0049844.}

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from or relating to the interpretation or implementation of this Order.

Dated: January \_\_\_, 2018
       Wilmington, Delaware

                                                                _____
                                                                United States Bankruptcy Judge

# EXHIBIT A

## List of Bank Accounts

| Company Name | Bank Name | Currency | Account Type | Last Four Digits of Account Number |
|---|---|---|---|---|
| Seaborne Virgin Islands, Inc. | First Bank | USD | Savings Account | 6536 |
| Seaborne Virgin Islands, Inc. | First Bank | USD | Operating Checking Account | 7807 |
| Seaborne Virgin Islands, Inc. | First Bank (BVI) | USD | Backup Checking Account | 2758 |
| Seaborne Virgin Islands, Inc. | Banco Popular | USD | Backup Checking Account | 6205 |
| Seaborne Virgin Islands, Inc. | US Bank | USD | Clearinghouse Checking Account | 8020 |
| Seaborne Virgin Islands, Inc. | St. Kitts – Nevis Anguilla National Bank | USD | Formerly Used Checking Account | 3095 |
| Seaborne Puerto Rico, LLC | Banco Popular | USD | Seaborne Puerto Rico, LLC Operating Account | 1787 |

{1182.001-W0049844.}