## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SEASTAR HOLDINGS, INC., *et al.*[1] | Case No. 18-10039 (CSS) |
| Debtors. | (Jointly Administered) |
| | Ref. Nos. 26, 27 & 120 |

### NOTICE OF ASSUMPTION AND CURE AMOUNT WITH RESPECT TO EXECUTORY CONTRACTS OR UNEXPIRED LEASES POTENTIALLY TO BE ASSUMED AND ASSIGNED IN CONNECTION WITH SALE OF DEBTORS' ASSETS

PLEASE TAKE NOTICE THAT:

1. Pursuant to the Order (A) Approving Bidding Procedures in connection with a Transaction by Public Auction; (B) Scheduling a Hearing to Consider the Transaction; (C) Approving the Form and Manner of Notice Thereof; and (D) Approving Contract Procedures; and (E) Granting Related Relief (the "Bidding Procedures Order") entered by the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") on January 29, 2018, the above captioned debtors (the "Debtors"), have entered into an Asset Purchase Agreement (the "Asset Purchase Agreement") with SB Acquisition 2017, Inc. (the "Stalking Horse Purchaser") for the sale of substantially all of the Debtors' assets subject to a competitive bidding process as set forth in the Bidding Procedures Order. The Debtors hereby provide notice of its intent to assume and assign the prepetition executory contracts or unexpired leases (the "Scheduled Contracts") listed on Exhibit A hereto to the Stalking Horse Purchaser or the Successful Bidder, as the case may be. The inclusion of any executory contract or unexpired lease on Exhibit A does not require or guarantee that such executory contract or unexpired lease will be assumed or assigned, or that said lease or contract is executor, and all rights of the Debtors with respect thereto are reserved. Capitalized terms used but not otherwise defined in this notice have the meanings ascribed to them in the Bidding Procedures Order or the Asset Purchase Agreement.

2. Pursuant to the terms of the Asset Purchase Agreement (or any asset sale and purchase agreement that the Debtors may enter into with the Successful Bidder), the Debtors may seek to assume and assign one or more the Scheduled Contracts to the Stalking Horse Purchaser or the Successful Bidder, as the case may be, subject to approval at the hearing to be held at 11:00 a.m. (prevailing Delaware time) on **Tuesday, March 27, 2018** (the "Sale Hearing") before the Bankruptcy Court. On the date of the closing of the transactions contemplated by the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: SeaStar Holdings, Inc. (0418), Seaborne Virgin Islands, Inc. (5458), and Seaborne Puerto Rico, LLC (3572). The Debtors' corporate headquarters and the mailing address is World Plaza Building, 9th Floor, 268 Munoz Rivera Avenue, San Juan, Puerto Rico 00918.

Asset Purchase Agreement (the "Closing Date"), or as soon thereafter as is reasonably practicable, the Stalking Horse Purchaser or the Successful Bidder, as the case may be, will pay the amount the Debtors' records reflect is owing for prepetition arrearages, if any, as set forth on Exhibit A hereto (the "Cure Amount"). The Debtors' records reflect that all post-petition amounts owing under the Scheduled Contracts have been paid and will continue to be paid until the assumption and assignment of the Scheduled Contracts and that, other than the Cure Amount, there are no other defaults under the Scheduled Contracts.

3.     **Objections, if any, to the assumption and assignment of a Scheduled Contract and/or to the proposed Cure Amount must (a) be in writing, (b) state with specificity the cure amount asserted to be required, (c) include appropriate documentation thereof, (d) be filed with the Bankruptcy Court no later than [14 days from service of Contract Notice] and served on the following parties: (i) the Debtors, World Plaza Building, 9th Floor, 268 Munoz Rivera Avenue, San Juan, Puerto Rico 00918 (Attn: Matthew Foster), (ii) counsel to the Debtors, Landis Rath & Cobb LLP, 919 Market Street, Suite 1800, Wilmington, DE 19801 (Attn: Adam G. Landis, Esq.) landis@lrclaw.com, (iii) counsel for Volant SVI Funding, LLC, (a) Blank Rome LLP, The Chrysler Building, 405 Lexington Avenue, New York, New York 10174-0208 (Attn: Rick Antonoff, Esq.), and (b) Blank Rome LLP, 1201 N. Market Street, Suite 800, Wilmington, Delaware 19801 (Attn: Stanley B. Tarr, Esq.), (iv) counsel for the Stalking Horse Purchaser, Smith, Gambrell & Russell, LLP, Suite 3100, Promenade, 1230 Peachtree Street, N.E., Atlanta, Georgia 30309 (Attn: Brian P. Hall, Esq.); bhall@sgrlaw.com, and Young Conaway Stargatt & Taylor, LLP, 1000 North King Street, Wilmington, DE 19801 (Attn: Robert S. Brady, Esq.); rbrady@ycst.com, and (vi) counsel to the Creditors' Committee, Bayard, P.A., 600 N. King Street, Suite 400, Wilmington, DE 19801 (Attn: Justin R. Alberto, Esq.) ; and (vii) the office of the United States Trustee ; and (vii) the Office of the United States Trustee, United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801 (Attn: Benjamin A. Hackman, Esq.).**

4.     **If an objection to the assumption and assignment of a Scheduled Contract is timely filed and received, a hearing with respect to the objection will be held before the Bankruptcy Court at the Sale Hearing or such date and time as the Bankruptcy Court may schedule. If no objection is timely received, the non-Debtor party to the Assumed Contract will be deemed to have consented to the assumption and assignment of the Assumed Contract and will be forever barred from asserting any other claims, including but not limited to the propriety or effectiveness of the assumption and assignment of the Assumed Contract, against the Debtors, the Stalking Horse Purchaser, the Successful Bidder or the property of any of them in respect of the Scheduled Contract.**

5.     Pursuant to 11 U.S.C. § 365, the Debtors believe there is adequate assurance of future performance that the Cure Amount set forth in the Contract Notice will be paid in accordance with the terms of the Sale Order. The Debtors believe there is adequate assurance of the Stalking Horse Purchaser's future performance under the executory contract or unexpired lease to be assumed and assigned because of the significant resources of the Stalking Horse Purchaser. Objections, if any, to the assumption and assignment of a Scheduled Contract may include an objection to the Stalking Horse Purchaser's proposed adequate assurance of future performance. If necessary, the Debtors will adduce facts at the hearing on any objection

demonstrating the financial wherewithal of the Successful Bidder, and its willingness and ability to perform under the contracts to be assumed and assigned to it.

6. If an objection to the Cure Amount is timely filed and received and the parties are unable to consensually resolve the dispute, the amount to be paid under section 365 of the Bankruptcy Code, if any, with respect to such objection will be determined at a hearing to be requested by the Debtors or by the objecting counterparty. At the Stalking Horse Purchaser's or the Successful Bidder's discretion, and provided the Stalking Horse Purchaser or the Successful Bidder escrow the disputed portion of the Cure Amount, the hearing regarding the Cure Amount may be continued until after the Closing Date and the Scheduled Contract(s) subjected to such Cure Amount shall be assumed and assigned to the Stalking Horse Purchaser or the Successful Bidder at the closing of the Sale.

7. **If no objection is timely received, the Cure Amount set forth in Exhibit A hereto will be controlling, notwithstanding anything to the contrary in any Scheduled Contract or any other document, and the non-Debtor party to the Scheduled Contract will be deemed to have consented to the Cure Amount and will be forever barred from asserting any other claims in respect of such Scheduled Contract against the Debtors, the Stalking Horse Purchaser, or the Successful Bidder (as appropriate), or the property of any of them. The failure of any objecting person or entity to timely file its objection will be a bar to the assertion, at the Sale Hearing or thereafter, of any objection to the Sale Motion, the Sale, or the Debtors' consummation of and performance under the Sale Agreement (including the transfer of the Acquired Assets and the Scheduled Contracts free and clear of all claims, liens and interests), if authorized by the Court.**

8. Prior to the date of the closing of the Sale, the Debtors may amend their decision with respect to the assumption and assignment of any Scheduled Contract, including amending the Cure Amount, and provide a new notice amending the information provided in this notice, including, without limitation, a determination not to assume certain contracts.

Dated: January 31, 2018  
Wilmington, Delaware

**LANDIS RATH & COBB LLP**

/s/ Kerri Mumford  
Adam G. Landis (No. 3407)  
Kerri K. Mumford (No. 4186)  
Travis J. Ferguson (No. 6029)  
919 Market Street, Suite 1800  
Wilmington, Delaware 19801  
Telephone: (302) 467-4400  
Facsimile: (302) 467-4450  
Email: landis@lrclaw.com  
       mumford@lrclaw.com  
       ferguson@lrclaw.com

*Counsel to the Debtors and Debtors-in-Possession*